UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No: 2:15-cv-00591-FTM-29CM

SOUTHWIND VILLAGE, LLC
and CARL BRUCKLER,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on the United States' Motion for Entry of Default Judgment (Doc. #26) against Carl Bruckler, filed on April 12, 2016, for violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq. No response has been filed by Bruckler, and the time to do so has expired. The Court finds that an evidentiary hearing is not required. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

**I.**

On September 30, 2015, the United States (the Government) filed a Complaint (Doc. #1) against Southwind Village, LLC and Carl Bruckler, alleging violations of the FHA on the basis of race. 42 U.S.C. §§ 3604(a), (d). Although Southwind Village, LLC accepted a Consent Order (Doc. #20), Bruckler failed to appear and respond to the Complaint. Upon application, the Clerk entered a

default against Bruckler on January 6, 2016, which satisfies the necessary condition under Fed. R. Civ. P. 55(a) for a default judgment. (Doc. #25.) On April 12, 2016, the Government filed the instant motion for a default judgment, requesting a civil penalty and injunctive relief against Bruckler. However, the Court found the language of the requested injunction overly broad and vague, and directed the Government to supplement the motion. (Doc. #27.). To that end, the Government filed a Memorandum in Support (Doc. #28) on October 18, 2016.

**II.**

When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact", and those facts become the basis for a Court's analysis of "the sufficiency of the complaint." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(citations omitted). "Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment." United States v. Downer, No. 13-62428-CIV, 2014 WL 584209, at *2 (S.D. Fla. Feb. 14, 2014) (citing Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**III.**

The FHA proscribes discrimination in the rental housing context. Section 3604(a) makes it illegal "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The FHA authorizes the government to bring a civil action against "any person or group of persons . . . engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this [Act]" or if a violation "raises an issue of general public importance." 42 U.S.C. § 3614(a). "[I]n a pattern and practice case, the plaintiff must prove, normally through a combination of statistics and anecdotes, that discrimination is the company's "'standard operating procedure.'" EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1274 (11th Cir. 2000) (citing Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335–36 (1977)); see also Mozee v. Am. Commercial Marine Serv. Co., 940 F.2d 1036, 1051 (7th Cir. 1991).

By defaulting, Bruckler is deemed to have admitted the well-pleaded material allegations in the Complaint; namely, that the Government's testing for FHA compliance "[b]etween September and November 2014" shows that Bruckler treated "African-Americans who visit Southwind . . . differently and less favorably than similarly

- 3 -

situated white persons who visit Southwind" (doc. #1, ¶¶ 18, 19); that "Bruckler falsely told African-Americans that no recreational vehicle lots were immediately available for rent, but told similarly-situated white persons that recreational vehicle lots were immediately available for rent" (id., ¶ 19); and that "Bruckler encouraged prospective white renters to consider renting at Southwind" but "took actions to prevent . . . or discourage similarly-situated African Americans from residing" there (id., ¶ 20). The Court finds that these facts are sufficient to establish a "pattern or practice of resistance" under Section 3614(a). Accordingly, the Government is entitled to an entry of default judgment.

**IV.**

The Government requests that the Court assess a $5,000 civil penalty against Bruckler, and an injunction enjoining Bruckler "from working in any capacity in rental housing for a period of three years." (Doc. #26, p. 10.) Under the FHA, the Court "may, to vindicate the public interest, assess a civil penalty . . . in an amount not exceeding $50,000, for a first violation." 42 U.S.C. § 3614(d)(1)(C). In light of this provision, the Court finds that the requested civil penalty is reasonable.

Even after review of the Government's supplemental memorandum (Doc. #28), the Court finds that the requested injunction is unreasonable. Courts "may award such preventive relief, including

a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation . . . to assure the full enjoyment of the rights granted" under the FHA. 42 U.S.C. § 3614(d)(1)(A). To support its requested injunction, the Government cites orders and an opinion granting permanent and temporary injunctions. Although these show that courts do grant the type of injunction requested by the Government for FHA violations, they do not show that the Court should impose the requested injunction in this case.

The Government relies on United States v. Peterson, where the court granted a permanent injunction to prevent future violations of the FHA. No. 09-10333, 2011 WL 824602 (E.D. Mich. Mar. 3, 2011). In that case, the court imposed a permanent injunction on an FHA violator in light of "two years" of "unsolicited verbal remarks of a sexual nature." Further, the defendant had "ostensibly coerced sexual relations with at least two of" the victims. Id. at 2. The court also noted that the defendant had "eagerly and repeatedly exploited . . . [the victims'] plight." Id. Here, the Court is dealing with a dissimilar violation of the FHA; namely, three instances where Bruckler treated African-Americans "less favorably than similarly situated white persons who visit Southwind." (Doc. #1, ¶ 19.) Although the present case deals with egregious behavior, it does not rise to the severity of

that found in Peterson.  For that reason, the Court finds Peterson to be of limited helpfulness.

Though the Government cites two orders supporting the proposition that courts do grant injunctions enjoining individuals from working in rental housing for a period of three years (see Doc. #29-1), those orders provide little factual context which would allow the Court to make a meaningful comparison with the present case.  The Court ordered the Government to address the "reasonableness of the injunction" and this means more than just providing the Court with orders granting similar relief for the same nominal violation.  As the Government has shown, courts are willing to grant injunctions that range from temporary to permanent to discourage future FHA violations based on the severity of the violation.  The Government did not provide context which would allow the Court to more readily determine the severity of Bruckler's violation, but instead urges the Court to grant the requested injunction merely because other courts have granted the same kind of relief.  However, this Court is unwilling to grant the requested injunction without stronger support to show that it is reasonable.  For these reasons, the Court declines to exercise its discretion in granting the injunction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Entry of Default Judgment (Doc. #26) is **GRANTED** in part, and **DENIED** in part.

1. The Clerk shall enter judgment in favor of the Government and against Carl Bruckler, pursuant to 42 U.S.C. § 3614(d)(1)(C), and a $5,000 civil penalty payable to the United States Treasury is assessed against Defendant Carl Bruckler.

2. The Court denies the request for an injunction enjoining Bruckler from working in any capacity in rental housing for a period of three years.

3. The Clerk is further directed to terminate all deadlines and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record